UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

BATCH LABS LLC,
a Wisconsin limited liability company,

    Plaintiff,                                 Case No.:

        v.                                     Hon.

JOHN DOE,

    Defendant.

## PLAINTIFF'S COMPLAINT

Plaintiff Batch Labs LLC, by and through its attorneys Revision Legal, PLLC, states as follows for its Complaint:

### INTRODUCTION

1. This is an action for copyright and trademark infringement against one or more unknown individuals who have unlawfully reproduced, distributed, publicly displayed, and created derivative works of Plaintiff's copyrighted photographs and have used an identical and confusingly similar brand name to Plaintiff to sell identical goods and services in interstate commerce. Even after due diligence, Plaintiff has been unable to identify the Defendant, and Defendant has done its best to not be identifiable.

2. Defendant has created an entire copycat ecommerce store modeled off Plaintiff's successful, Wisconsin-based business, and it has engaged in unlawful intellectual property theft in violation of federal law. Plaintiff files this lawsuit to unmask the individual or individuals behind this obvious and rampant infringement and to put an end to it.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Batch Labs LLC ("Batch") is a Wisconsin limited liability company headquartered in Milwaukee, Wisconsin.

4. Plaintiff is ignorant of the true name and capacity of the individual(s) responsible for the intellectual property theft described herein and, therefore, references this individual, or these individuals collectively, by the fictitious name "John Doe" ("Defendant").

5. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act, 17 U.S.C. § 501, the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and 28 U.S.C. § 1331.

6. Personal jurisdiction is proper over Defendant because exercise thereof would not offend traditional notions of fair play or substantial justice because Defendant has purposefully availed themselves of this forum state, the cause of action arises from Defendant's activities here, and the Defendant's actions have caused damage to Plaintiff, a Wisconsin company, in the State of Wisconsin.

7. Specifically, Defendant purposefully and intentionally availed itself of this forum state by reproducing, distributing, publicly displaying, and creating derivative works of copyrighted works owned by Plaintiff, a Wisconsin company, and by importing, distributing, offering for sale, displaying, advertising, and selling infringing goods using a confusingly similar trademark to Plaintiff's trademark in the State of Wisconsin. Defendant has also purposefully and intentionally availed itself of this forum state by creating and operating an interactive website that reveals specifically intended interactions with residents of the State of Wisconsin, and, upon information and belief, by physically distributing goods sold under a trademark that is confusingly similar to Plaintiff's trademark to consumers in the State of Wisconsin.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants where the Defendants directly target business activities toward consumers in the United States, including Wisconsin, through their fully interactive e-commerce store and by physically distributing goods sold under a trademark that is confusingly similar to Plaintiff's trademark to consumers in the State of Wisconsin. Defendants have targeted sales to Wisconsin residents. Defendant offers shipping to the United States, including Wisconsin, accepts payment in U.S. dollars, offers categories of products specifically targeted to U.S. consumers, and, upon information and belief, have distributed goods sold under a trademark that is confusingly similar to Plaintiff's trademark to consumers in the State of Wisconsin and have reproduced, distributed, and publicly displayed works that are derivative of and/or substantially similar to Plaintiff's copyrighted works to citizens of the State of Wisconsin. The Defendants are committing tortious acts in Wisconsin, are engaging in interstate commerce, and have wrongfully caused Plaintiff, a Wisconsin company, substantial injury in the State of Wisconsin.

**FACTUAL BACKGROUND**

*Plaintiff, its Copyrights, and its trademark*

9. Plaintiff is a manufacturer and retailer of hemp-derived CBD products such as gummies, balms, and tinctures.

10. In 2018, Plaintiff was one of the first companies accepted into the "Wisconsin Hemp Pilot Program" and began as a testing facility for the state under the name "Wisconsin Hemp Scientific."

11. Plaintiff grew into an established boutique manufacturer for some of the nation's top CBD brands, growing hemp naturally in the State of Wisconsin.

12. In 2020, Plaintiff launched its own private label line of hemp-derived CBD products under the brand name BATCH.

13. Plaintiff's hemp products are derived from all-natural hemp grown in Wisconsin without any GMOs, fillers, or additives.

14. Plaintiff sells its products online through its website located at <gethellobatch.com>.

15. Plaintiff has a pending trademark application with the United States Patent and Trademark Office for BATCH in association with "Hemp-derived balms and creams for topical use" (U.S. Serial No. 98904339).

16. Plaintiff has used the brand name BATCH to offer goods in interstate commerce since April 10, 2020 and maintains common law rights to the trademark BATCH since April 10, 2020.

17. Plaintiff's BATCH trademark is inherently distinctive.

18. Plaintiff's BATCH trademark has acquired distinctiveness through its lengthy use and Plaintiff's substantial investment into marketing its brand across the country.

19. Plaintiff has created hundreds of photographs of its products and of other subjects for marketing its products and publishes those photographs to its website and/or on social media and in advertisements.

20. Plaintiff owns copyrights to all its photographs as they constitute original works of authorship fixed in a tangible medium of expression.

21. Plaintiff has obtained a copyright registration for thirty-three (33) specific photographs, which are specifically identified and displayed in the attached **Exhibit A** ("Registered Works"). Several of those photographs are embedded below:



22. The Registered Works were given the Registration Number VA0002426969. **Exhibit B**, Copyright Office Certificate.

23. Plaintiff uses its copyrighted photographs, including the Registered Works, to display its products for consumers and to market its products on its website and via other marketing channels.

*Defendants' Infringement*

24. In December of 2024, Plaintiff became aware of a copycat store located at <www.patchfarm.co> that, when Plaintiff first visited the website, was using PATCH as a trademark and nearly identical copies of Plaintiff's copyrighted photographs, including the Registered Works, to sell CBD products identical to Plaintiff's products in nearly identical packaging.

25. This discovery came after Plaintiff had already successfully shut down another Shopify store using the PATCH trademark that had been located at <hellopatch.com> before Shopify suspended the store in response to Plaintiff's complaint.

26. Upon information and belief, the same individuals who operated the copycat store at <hellopatch.com> are now operating [www.patchfarm.co](www.patchfarm.co).

27. Upon information and belief, the same individuals who operated the copycat store at <hellopatch.com> and who are now operating [www.patchfarm.co](www.patchfarm.co) also operate copycat stores at <veronvy.shop> and <veronvy.tech>, as those domain names also publish websites using the PATCH and PATCHFARM marks to sell CBD products. These websites also publicly display photographs that are substantially similar to Plaintiff's copyrighted photographs, including the Registered Works (<hellopatch.com> , <veronvy.shop>, <veronvy.tech> will be referred to collectively as the "Infringing Websites").

28. Upon and information and belief, Defendant owns and operates all the Infringing Websites.

29. Upon information and belief, Defendant owns and operates more copycat websites in addition to the Infringing Websites that Plaintiff has not yet been able to identify.

30. As far as Plaintiff can tell, the Infringing Websites also use Shopify to run their webstores, though Plaintiff could not, and still cannot, identify the true webhost or the owner of the Infringing Websites.

31. Defendant uses a masking service to prevent its information from becoming publicly available via WHOIS and other like searches.

32. After discovering <hellopatch.com>, Plaintiff submitted trademark complaints to Shopify to shut down the copycat store located at <hellopatch.com>.

33. Plaintiff also submitted DMCA takedown notices related to its copyrighted photographs that <hellopatch.com> publicly displayed.

34. Shopify did not suspend the webstore at <hellopatch.com> and the DMCA takedown notices had no effect.

35. Instead, Defendant began altering Plaintiff's images, including the Registered Works, to look slightly different from Plaintiff's original photographs.

36. However, Defendant's publicly displayed photographs ("Infringing Photographs") are still substantially and strikingly similar to Plaintiff's photographs, including the Registered Works. Examples of Defendant's Infringing Photographs compared to Plaintiff's Registered Works are embedded below:





37. Every photograph on the Infringing Websites is an Infringing Photograph that infringes on Plaintiff's copyrighted photographs, including the Registered Works.

38. Plaintiff has not licensed its copyrights in the Registered Works to Defendant.

39. Defendant does not have Plaintiff's permission or authorization to create substantially similar or derivative works of Plaintiff's Registered Works.

40. Defendant knew of, was aware of, and intentionally copied Plaintiff's Registered Works.

41. Upon information and belief, Defendant—or Defendants—was personally involved with the creation of the Infringing Photographs, personally authorized the reproduction, distribution, and public display of the Infringing Photographs, and directly and materially benefits from same.

42. Defendant reproduced, distributed, and publicly displayed on the Infringing Websites and in various marketing materials the Infringing Photographs, and created unauthorized derivative works of Plaintiff's Registered Works.

43. In addition to infringing Plaintiff's Registered Works, Defendant uses a nearly identical trademark to Plaintiff to cause consumer confusion and to usurp Plaintiff's hard-earned goodwill.

44. Defendant uses the trademark PATCH, one letter different than Plaintiff's trademarked brand name, to sell identical goods to Plaintiff's products.

45. Defendant published the below statement to <hellopatch.com>, specifically claiming to be Plaintiff and fraudulently claiming it underwent a rebrand.



46. Defendant uses the ® symbol in its website header to denote that it had a federally registered trademark for PATCHFARM, but no such registration exists.

47. Defendant uses the mark PATCH alone in addition to the name PATCHFARM to offer goods identical to Plaintiff's products in interstate commerce.

48. Defendant uses Plaintiff's marketing videos on third party platforms, such as Facebook. As can be seen in the screen shot below, Defendant uses Plaintiff's video—Plaintiff's BATCH trademark can be seen on the hat of the individual in the video—with various text that includes the statement "Patchfarm (formerly known as Batch)."



*Injury to Plaintiff and Consumers*

49. Defendant's actions described above have damaged and irreparably harmed Plaintiff.

50. Defendant's use of PATCH to sell goods in commerce identical to Plaintiff's products is likely to cause consumer confusion as to the source of Defendant and Plaintiff's products.

51. If allowed to continue marketing and selling identical goods to Plaintiff's products using a confusingly similar trademark and using substantially similar photographs, Defendant will further damage and injure Plaintiff's reputation and the goodwill associated with the Plaintiff's trademark, which is well-known to relevant consumers as a source identifier for high-quality and effective products.

52. If allowed to continue marketing and selling identical goods to Plaintiff's products using a confusingly similar trademark and using substantially similar photographs, Defendant will continue to create significant likelihood of consumer confusion that will irreparably harm the public and its interest in being free from confusion.

53. Plaintiff has no adequate remedy at law.

54. Defendant knew or should have known that its activities described above constitute trademark infringement, unfair competition, and copyright infringement.

55. Defendant acted knowingly and willfully in reckless disregard of Plaintiffs' rights.

## COUNT I
### Trademark Infringement
### Wisconsin Common Law

56. Plaintiff restates all prior paragraphs as if fully restated herein.

57. Plaintiff owns trademark rights in the mark BATCH under the common law for the provision of hemp-derived CBD products and other supplements.

58. Plaintiff's BATCH trademark has acquired distinctiveness and secondary meaning in the marketplace and serves as a source indicator for Plaintiff.

59. Plaintiff uses its trademark in commerce, specifically in connection with the sale of of CBD products.

60. Defendant has made a false or misleading representation of fact by manufacturing, marketing, and selling in commerce CBD products under a confusingly similar trademark indicating a false designation of origin and suggesting to consumers that the products offered on Defendant's website are either a legitimate source of Plaintiff's goods, are sponsored by Plaintiff, or that Defendant is associated or affiliated with Plaintiff in some way.

61. Defendant's actions as described above are likely to cause confusion among consumers, who are likely to believe that Defendant's CBD products either originated with Plaintiff, are sponsored by Plaintiff, or that Defendants are associated or affiliated with Plaintiff in some way.

62. Defendant's actions as described above have at all relevant times to this action, been willful and intended to deceive consumers as to the source and authenticity of goods offered by Defendant.

63. Plaintiff has no adequate remedy at law and will continue to suffer irreparable harm to its reputation and goodwill if Defendant's actions are not enjoined.

64. As a foreseeable, direct, and proximate cause of Defendant's above-described actions, Plaintiff and consumers have been and will continue to be irreparably damaged.

## COUNT II
### False Designation of Origin as to Plaintiff's Common Law Trademark
### 15 U.S.C. § 1125

65. Plaintiff restates all prior paragraphs as if fully restated herein.

66. Plaintiff owns trademark rights in the mark BATCH under the common law for the harvesting of hemp and provision of CBD products.

67. Plaintiff's BATCH trademark has acquired distinctiveness and secondary meaning in the marketplace and serves as a source indicator for Plaintiff.

68. Plaintiff uses its trademark in commerce, specifically in connection with the sale of of CBD products.

69. Defendant has made a false or misleading representation of fact by manufacturing, marketing, and selling in commerce CBD products under a confusingly similar trademark indicating a false designation of origin and suggesting to consumers that the products offered on Defendant's website are either a legitimate source of Plaintiff's goods, are sponsored by Plaintiff, or that Defendant is associated or affiliated with Plaintiff in some way.

70. Defendant's actions as described above are likely to cause confusion among consumers, who are likely to believe that Defendant's CBD products either originated with Plaintiff, are sponsored by Plaintiff, or that Defendants are associated or affiliated with Plaintiff in some way.

71. Defendant's actions as described above have at all relevant times to this action, been willful and intended to deceive consumers as to the source and authenticity of goods offered by Defendant.

72. Plaintiff has no adequate remedy at law and will continue to suffer irreparable harm to its reputation and goodwill if Defendant's actions are not enjoined.

73. As a foreseeable, direct, and proximate cause of Defendant's above-described actions, Plaintiff and consumers have been and will continue to be irreparably damaged.

**COUNT III**
**Copyright Infringement**
**17 U.S.C. § 501(a)**

74. Plaintiff incorporates the above paragraphs as if fully restated herein.

75. Plaintiff owns a federal copyright registration for the Registered Works, Registration Number VA0002426969.

14
Case 2:25-cv-00145-PP   Filed 01/29/25   Page 14 of 18   Document 1

76. The Registered Works are original works of authorship, authored by Plaintiff, and fixed in a tangible medium of expression.

77. Defendant had access to Plaintiff's Registered Works.

78. Defendant's Infringing Photographs are strikingly similar to Plaintiff's Registered Works.

79. Defendants' Infringing Photographs are substantially similar to Plaintiff's Registered Works.

80. Defendant has reproduced, prepared derivative works of, distributed copies of, and displayed publicly their Infringing Photographs, which are substantially similar to Plaintiff's Registered Works.

81. Specifically, Defendant has reproduced, prepared derivative works of, distributed copies of, and displayed publicly its Infringing Photographs, which use substantial portions of protected expression found in Plaintiff's Registered Works.

82. Defendant acted with volition when it reproduced, prepared derivative works of, distributed copies of, and displayed publicly the Infringing Photographs.

83. Defendant's unauthorized copying of substantial portions of Plaintiff's Registered Works violates Plaintiff's exclusive right of reproduction granted in 17 U.S.C. § 106(1).

84. Defendant's unauthorized distribution of the Infringing Photographs violates Plaintiff's exclusive right of distribution granted in 17 U.S.C. § 106(3).

85. Defendant's public display of the Infringing Photographs violates Plaintiff's exclusive right of public display granted in 17 U.S.C. § 106(4).

86. Defendant's unauthorized copying of substantial portions of Plaintiff's Infringing Photographs and creation of new works substantially similar to Plaintiff's Infringing

15

Case 2:25-cv-00145-PP    Filed 01/29/25    Page 15 of 18    Document 1

Photographs violates Plaintiff's exclusive right to create derivative works granted in 17 U.S.C. § 106(2).

87. Defendant's infringement of Plaintiff's Infringing Photographs was deliberate and willful.

88. As a result of Defendant's infringement, Plaintiff has suffered monetary damages.

89. Plaintiff is entailed to the recovery of, at its election, statutory damages, actual damages, Defendant's profits, and the costs of this action.

90. Plaintiff is also entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502 and 17 U.S.C § 106.

91. Plaintiff is entitled to its attorney's fees pursuant to 17 U.S.C. § 505 and 17 U.S.C § 106.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the following relief:

1. That the Court enjoin and restrain Defendant, as well as their heirs, successors, assigns, officers, agents, and employees from:

    a. Reproducing, distributing copies of, and displaying publicly Defendant's Infringing Photographs;

    b. Reproducing, preparing derivative works of, distributing copies of, and displaying publicly designs substantially similar to Plaintiff Registered Works;

    c. Manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products incorporating Plaintiff's trademark or any confusingly similar trademark;

    d. Committing any acts reasonably calculated to cause consumers to believe that Defendant's CBD products are those sold under the authorization, control, and/or supervision of Plaintiff or sponsored by, approved by, or otherwise connected to Plaintiff;

e. Further infringing Plaintiff's trademark and causing further damage to Plaintiff's goodwill; and

   f. Aiding or assisting any other third party in subsections (a) and (e) above;

2. That the Court award Plaintiff, at its election, its actual damages, lost profits, consequential damages, exemplary damages, statutory damages, and any other damages allowable under law, including an equitable accounting;

3. That the Court award Plaintiff its costs and attorney's fees; and,

4. That the Court award Plaintiff any other relief to which it is entitled.


                                    Respectfully submitted,


Date: January 29, 2024                /s/ *John Di Giacomo*
                                    John Di Giacomo (P73056)
                                    Eric Misterovich (P73422)
                                    Andrew Jurgensen (P81123)
                                    Revision Legal, PLLC
                                    444 Cass St., Ste. D
                                    Traverse City, MI 49684
                                    john@revisionlegal.com
                                    eric@revisionlegal.com
                                    drew@revisionlegal.com

                                    *Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff hereby requests a trial by jury for all eligible counts contained within this Complaint.

Respectfully submitted,

Date: January 29, 2024

/s/ *John Di Giacomo*
John Di Giacomo (P73056)
Eric Misterovich (P73422)
Andrew Jurgensen (P81123)
Revision Legal, PLLC
444 Cass St., Ste. D
Traverse City, MI 49684
john@revisionlegal.com
eric@revisionlegal.com
drew@revisionlegal.com

*Attorneys for Plaintiff*