UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BATCH LABS, LLC,

        Plaintiff,

  v.

        Case No. 25-cv-145-pp

JOHN DOE,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY PRIOR TO A RULE 26(F) CONFERENCE (DKT. NO. 2)**

On January 29, 2025, the plaintiff filed a complaint alleging that an unknown individual (the defendant) engaged in copyright and trademark infringement. Dkt. No. 1. The plaintiff indicates it "is a manufacturer and retailer of hemp-derived CBD products such as gummies, balms, and tinctures." Id. at ¶9. The plaintiff states that it "has created hundreds of photographs of its products and of other subjects for marketing its products" and has obtained copyright registration for thirty-three specific photographs. Id. at ¶21. The plaintiff alleges that a "copycat store located at www.patchfarm.co" is using "nearly identical copies of Plaintiff's copyrighted photographs . . . to sell CBD products identical to Plaintiff's products in nearly identical packaging." Id. at ¶24. The plaintiff has filed a motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference because it

1

believes it will be able to identify the defendant through this third-party subpoena. Dkt. No. 2. The court will grant the motion.

I.  **The Plaintiff's Motion to Expedite Discovery**

On January 29, 2025, the plaintiff filed a motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference. Dkt. No. 2. The plaintiff alleges that in December 2024, the plaintiff discovered an online store at www.patchfarm.co that was using "nearly identical copies" of its copyrighted marketing photographs. Dkt. No. 2-1 at 2. The plaintiff says it had already shut down another infringing online store using the PATCH name at hellopatch.com and believes that this store and other possibly infringing websites is run by the same individual or group of individuals. Id. The plaintiff explains that it has been unable to identify the owner of the sites because they are using "domain masking services and anonymous hosting providers." Id. at 3. The plaintiff states that the domain registrars will not release information about the domain owner without a subpoena or court order. Id. at 4. The plaintiff "requests an order authorizing Plaintiff to serve Rule 45 subpoenas upon the domain name registrars to discover the respective identities (including name, address, phone number, email, and IP address) associated with each Infringing Website." Id. at 5.

The plaintiff argues that the court has the authority to permit expedited discovery under Fed. R. Civ. P. 26(d) upon a showing of good cause. Id. (citing Wuluvarana v. Does, No. 22-cv-982-pp, 2023 WL 183874, at *3 (E.D. Wis. Jan.

13, 2023); Sheridan v. Oak St. Mortg., LLC, 244 F.R.D. 520, 522 (E.D. Wis. 2007)).

First, the plaintiff argues that its complaint establishes *prima facie* cases of copyright and trademark infringement under federal and Wisconsin law. Id. at 6–7. The plaintiff contends that it has established copyright infringement by pleading "ownership of a valid copyright and the copying of constituent elements of the work that are original." Id. at 7 (citing JCW Investments, Inc. v. Novelty, Inc., 482 F.3d 910, 914 (7th Cir. 2007)). It argues that it has established trademark infringement by alleging that "it has a protectable right in its BATCH mark and that defendant's use of a confusingly similar mark is likely to cause consumer confusion." Id. (citing CAE, Inc. v. Clean Air Eng'g, Inc., 267 F.3d 660, 673–74 (7th Cir. 2001); Children's Med. Grp., Inc. v. Lake Cnty. Pediatrics, S.C., 417 F. Supp. 3d 1152, 1156 (E.D. Wis. 2019)).

Second, the plaintiff contends that its subpoena is narrowly tailored because it is limited to seeking the domain registrants' "names, addresses, telephone numbers, email addresses, and IP addresses for each of the three Infringing Websites." Id. at 7–8. The plaintiff explains that it will first serve a Rule 45 subpoena on Alibaba, the domain name registrar, to obtain the identifying information or at minimum the IP addresses associated with the infringing websites. Id. at 8. If necessary, the plaintiff will then serve a subpoena on the internet service providers (ISPs) associated with IP addresses provided by Alibaba to obtain the remaining identifying information associated with those IP addresses. Id.

3

Third, the plaintiff asserts that this is the only means available to discover the identities of the owners of the infringing websites. Id. at 9. Fourth, the plaintiff avers that the subpoenaed information is necessary to advance its claim because it otherwise cannot identify the proper defendant. Id. at 10 (citing Bicycle Peddler, LLC v. Does 1-12, 295 F.R.D. 274, 276–77 (N.D. Ill. 2013); Kohler Co. v. Nulka Grp. Storefront on www.amazon.com, No. 23-CV-0372-BHL, 2023 WL 2919831, at *2 (E.D. Wis. Mar. 23, 2023)).

## II. Legal Standard

Rule 26(d) of the Federal Rules of Civil Procedure states that a party may not seek discovery "from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). "The federal rules do not provide a standard for determining when a court may authorize discovery before the defendants have been served," Wuluvarana, 2023 WL 183874, at *3, but "[t]he prevailing view in this Circuit is that the movant must demonstrate 'good cause for the request,'" Strike 3 Holdings, LLC v. John Doe a/k/a Subscriber Assigned IP Address 72.133.216.27, Case No. 23-CV-1546-JPS, 2023 WL 9119843, at *1 (E.D. Wis. Dec. 11, 2023) (quoting Kohler, 2023 WL 2919831, at *1). See also Wuluvarana, 2023 WL 183874, at *3 (collecting cases). "To assess whether the movant has shown good cause, courts generally evaluate the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." Strike 3 Holdings, 2023 WL 9119843, at *1 (quotations omitted). "A court may find that there is good cause 'when the need

4

for expedited discovery, in consideration with the administration of justice, outweighs the prejudice to the responding party.'" Wuluvarana, 2023 WL 183874, at *3 (quoting Roche Diagnostics Corp. v. Binson's Hosp. Supplies, Inc., No. 17-cv-00949, 2017 WL 11573559, at *1 (S.D. Ind. May 11, 2017). The factors pertinent to this analysis include:

> (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, . . . (2) the specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) the need for the subpoenaed information to advance the claim, . . . and (5) the objecting party's expectation of privacy.

Strike 3 Holdings, 2023 WL 9119843, at *1 (quoting Malibu Media, LLC v. Doe, No. 18 C 5792, 2019 WL 7876473, at *2 (N.D. Ill. Jan. 2, 2019)).

### III. Analysis

The plaintiff has shown good cause for its request for expedited discovery. To begin, the plaintiff states a *prima facie* claim of copyright and trademark infringement. Dkt. No. 2-1 at 6–7. "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Design Basics, LLC v. Signature Constr., Inc., 994 F.3d 879, 886 (7th Cir. 2021). In the plaintiff's complaint and its attached exhibits, the plaintiff indicated it owns the photographs at issue and that the defendant copied these photographs without the plaintiff's authorization. Specifically, Exhibit A of the plaintiff's complaint lists the works the plaintiff alleges the defendant copied and the date of publication and registration number for each work. Dkt. No. 1 at ¶¶21–22; Dkt. No. 1-2. This states a *prima facie* claim for copyright infringement. To establish

5

trademark infringement, a plaintiff must allege that: (1) it has a protectable right in the asserted trademarks; and (2) the defendant's use of the mark is likely to cause consumer confusion. CAE, 267 F.3d at 673–74. The complaint alleges that the plaintiff has a protectable interest in the photographs and that the defendant's use of the same or similar photographs is likely to cause confusion. Dkt. No. 1 at ¶¶15–18, 43–47, 66–70.

The plaintiff has made a specific request by seeking concrete and narrow information: the "names, addresses, telephone numbers, email addresses, and IP addresses for each of the three Infringing Websites." Dkt. No. 2-1 at 8. The court agrees that there is a reasonable likelihood that this information will lead to information sufficient to identify and serve the Doe defendants.

Additionally, the plaintiff has explained that there are no alternative means for it to obtain the subpoenaed information, namely the identity of the internet subscriber associated with the allegedly infringing websites. Id. at 9. The plaintiff explains that domain registrars will not release this information without a subpoena or court order and there is no other public way to obtain the information. Id. at 4, 9.

Furthermore, the court acknowledges that the subpoenaed information is necessary to advance the plaintiff's claim. Id. at 10. "Although there is no prohibition on filing suit against unknown defendants, 'John Doe defendants must be identified and served within [90] days of the commencement of the action against them.'" Wuluvarana v. Does, Case No. 22-cv-982-pp, 2023 WL 8627670, at *8 (E.D. Wis. Dec. 13, 2023) (quoting Aviles v. Village of Bedford

6

Park, 160 F.R.D. 565, 567 (N.D. Ill. 1995)) (citing Fed. R. Civ. P. 4 advisory committee's note to 2015 amendment. ("The presumptive time for serving a defendant is reduced from 120 days to 90 days.")). So, the court agrees that this case cannot move forward unless the defendants' true identities are identified. Dkt. No. 2-1 at 10.

While the plaintiff does not argue the final element of the Malibu Media test, the court is satisfied that the plaintiff's interest in protecting its copyrights and trademarks outweighs the defendant's privacy interest. The plaintiff has alleged a significant interest in protecting its copyrights and trademarks by explaining the defendant's use of its photographs has caused "dilution of its brand, loss of consumer trust, and damage to its goodwill in the market" and has created a high likelihood of consumer confusion, leading consumers to mistakenly believe Defendant's products originate from or are affiliated with Plaintiff." Id. at 4. Meanwhile, the domain registrar's privacy interest is minimal at best; "because internet subscribers must convey their identity and other information to an ISP in order to establish an account, they do not have a reasonable expectation of privacy in their subscriber information." Strike 3 Holdings, 2023 WL 9119843, at *2 (quotations omitted). In balancing the competing interests, the court finds that the plaintiff's interest in protecting its copyrights outweighs the defendant's limited privacy interest.

Because the plaintiff has shown good cause for its request for expedited discovery, the court will grant the plaintiff's motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference. See Wuluvarana, 2023 WL

7

183874, at *3 ("A court may find that there is good cause when the need for expedited discovery, in consideration with the administration of justice, outweighs the prejudice to the responding party." (quotation omitted)). Despite granting the plaintiff's motion, the court cautions that if the plaintiff is only able to obtain the IP address from the domain name registrar, the subscriber associated with the subject IP may not be the alleged copyright infringer because "[m]any devices and individuals may share the same IP address." Strike 3 Holdings LLC v. Doe, No. 23-CV-1152, 2023 WL 6148887, at *2 (E.D. Wis. Sept. 20, 2023). But the court acknowledges that "[i]dentifying the subscriber may be merely the first step in identifying the John Doe defendant." Id. The court finds the plaintiff has demonstrated good cause for expedited discovery and will allow the plaintiff to work towards identifying the defendant through its third-party subpoena.

**IV.  Conclusion**

The court **GRANTS** the plaintiff's motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference. Dkt. No. 2.

The court **ORDERS** that the domain name registrar and the ISP must provide a copy of the subpoena to John Doe and any other affected user as soon as possible after service of the subpoena. The domain name registrar, the ISP and any affected user must have fourteen (14) days from the date of service of the subpoena to object to the subpoena under Federal Rule of Civil Procedure 45(d)(2)(B). The domain name registrar and the ISP must not disclose John Doe's identifying information, or such information for any other

8

affected user, during that fourteen-day period (or if a timely objection is served, unless and until the court so orders). If an objection is served, the domain name registrar and the ISP must preserve any material responsive to the subpoena for a period of no less than ninety (90) days to allow the plaintiff to file a motion to compel, if the plaintiff so desires.

Dated in Milwaukee, Wisconsin this 21st day of March, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**